Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of nylon laces and lace articles made on a Levers machine, not made full gauge on a machine of 12 point or finer, not wholly or in chief value of cotton, rayon, other synthetic textile, or silk, the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, OCTOBER 6, 1965

**No. 69580.**—Reliance Intercontinental Corp. and F. L. Kraemer Co. et al. *v.* United States, protests 306149–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of nylon gloves similar in use to cotton gloves or silk gloves, the merchandise was held dutiable as follows: The items marked "A" at 30 percent under the provision in paragraph 915, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade (T.D. 53865), supplemented by Presidential proclamation (T.D. 53877), for cotton gloves and the items marked "B" at 30 percent under the provision in paragraph 1208, as modified, *supra,* for silk gloves, as claimed.

BEFORE THE SECOND DIVISION, OCTOBER 7, 1965

**No. 69581.**—Vanderlaan Tile Co., Inc., et al. *v.* United States, protests 63/1795, etc. (New York).

Opinion by RAO, C.J. In accordance with stipulation of counsel that the merchandise consists of electric coffee grinders and that said articles and the issues involved herein are analogous to those in *Bruce Duncan Company, a/c Sims-Worms* v. *United States* (45 Cust. Ct. 85, C.D. 2202) ; *United States* v. *Electrolux Corporation* (46 CCPA 143, C.A.D. 718) ; and Abstract 69082, the claim of the plaintiffs was sustained.

**No. 69582.**—Victor England Agencies, Inc., et al. *v.* United States, protests 61/16658, etc. (San Francisco).

Opinion by Rao, C.J. In accordance with stipulation of counsel that the merchandise consists of hanging paper similar in all material respects to that the subject of *Victor England Agencies, Inc.* v. *United States* (50 Cust. Ct. 83, C.D. 2394), the claim of the plaintiffs was sustained.

OCTOBER 4, 1965

**No. 69583.**—APPEAL 5167.—Hoyt, Shepston & Sciaroni and S. Blondheim & Co. *v.* United States.— C.D. 2426 affirmed June 24, 1965. C.A.D. 865.

**No. 69584.**—APPEAL 5207.—A. Zerkowitz & Co., Inc. *v.* United States.— —C.D. 2525. Appeal dismissed August 4, 1965.

OCTOBER 7, 1965

**No. 69585.**—APPEAL 5157.—United States *v.* Fred Frankel & Sons.— —Abstract 67981 reversed May 6, 1965. C.A.D. 862.

BEFORE THE SECOND DIVISION, OCTOBER 11, 1965

**No. 69586.**—Arthur J. Fritz & Co. and Sinclair Paint Co. of L.A. et al. *v.* United States, protests 63/11108, etc. (Los Angeles).

Opinion by Rao, C.J. In accordance with stipulation of counsel that the merchandise consists of hanging paper similar in all material respects to that the subject of *Victor England Agencies, Inc.* v. *United States* (50 Cust. Ct. 83, C.D. 2394), the claim of the plaintiffs was sustained.

**No. 69587.**—Victor England Ag., Inc., et al. *v.* United States, protests 64/19204, etc. (Los Angeles).